An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS ALBERTO TERRAZAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66343

**FILED**

JAN 0 5 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order revoking probation and amended judgment of conviction. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

In 2011, appellant pleaded guilty to possession of visual presentation depicting sexual conduct of a child. The district court suspended appellant's sentence, placing appellant on conditional probation for five years. In 2014, during a probation revocation hearing, appellant stipulated to the facts in the violation report and admitted that he violated the terms and conditions of his probation. On appeal, appellant argues that the district court abused its discretion when it revoked his probation and failed to provide a sufficient written statement in violation of his due process rights.

We review the district court's decision to revoke probation for abuse of discretion. *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). "Parole and probation revocations are not criminal prosecutions; the full panoply of constitutional protections afforded a criminal defendant does not apply." *Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 157

SUPREME COURT
OF
NEVADA

(O) 1947A

16-00151

(1980). Due process requires, in part, that these revocations include a written statement of the evidence and reasoning upon which the district court relied. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). Transcribed oral findings ordinarily satisfy this requirement, so long as the oral findings make the basis of the revocation and the evidence relied upon sufficiently clear. *United States v. Sesma-Hernandez*, 253 F.3d 403, 405-06 (9th Cir. 2001). "[S]pecific findings with reference to the evidence supporting charges are not constitutionally required where a defendant raises no objection to the sufficiency or accuracy of the evidence, and the district court finds that the government sufficiently proved the charged conduct." *Id.* at 409.

Here, appellant raised no objection to the sufficiency or accuracy of the evidence at the revocation hearing; he merely disputed the outcome. Appellant expressly conceded all of the facts relevant to our inquiry and only argued that these stipulated facts did not constitute substantive violations of his probation. Contrary to appellant's contention, the record clearly establishes that appellant violated multiple conditions of his probation. Under the circumstances of this case, we conclude that appellant has not demonstrated that the district court

abused its discretion by revoking his probation and entering an amended judgment of conviction. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Eighth Judicial District Court Dept. 15
Reza Athari & Associates PLLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk